1   CONNON WOOD SCHEIDEMANTLE LLP
    NICHOLAS P. CONNON, State Bar No. 150815
2   Email: nconnon@connonwood.com
    KATHLEEN M. WOOD, State Bar No. 149916
3   Email: kwood@connonwood.com
    35 East Union Street, Suite C
4   Los Angeles, California 90017-3323
    Telephone: (626) 638-1750
5   Facsimile: (626) 792-9304

6   GREENBERG TRAURIG LLP
    C. Allen Foster, admitted pro hac vice
7   Email: fostera@gtlaw.com
    David S. Panzer, admitted pro hac vice
8   Email: dpanzer@gtlaw.com
    John F. Scalia, State Bar No. 154560
9   Email: scaliaj@gtlaw.com
    2101 L Street, N.W., Suite 1000
10  Washington, D.C. 20037
    Telephone: (202) 331-3100
11  Facsimile: (202) 331-3101

12  Attorneys for L-3 Communications Corporation, L-3 Communications Holdings,
    Inc., and L-3 Services, Inc. (erroneously sued herein as "Titan Translators")
13
                  UNITED STATES DISTRICT COURT
14
                  CENTRAL DISTRICT OF CALIFORNIA
15

16  GEORGE HALLAK, an Individual, .          CASE NO. CV 10-00794 R (JCx)

17            Plaintiff,                      **ORDER RE PLAINTIFF'S
                                             MOTION FOR
18      vs.                                  RECONSIDERATION, TO ALTER
                                             OR AMEND JUDGMENT, OR
19  L3 Communications Corporation, a         GRANT RELIEF FROM
    Corporation, L3 Communications           JUDGMENT, AND LEAVE TO
20  Holdings, Inc., a corporation, Titan     AMEND COMPLAINT; AND
    Translators, a corporation, and TCS      DEFENDANTS' MOTIONS FOR
21  Corporation, a corporation, and DOES 1   ATTORNEYS' FEES**
    through 100, inclusive,
22
              Defendants.
23  ─────────────────────────────           Judge: The Hon. Manuel Real
                                             Courtroom: 8
24                                           Date: June 21, 2010
                                             Time: 10:00 a.m.
25

26      This matter came to be heard before this Court, on June 21, 2010, on: (1)

27  Defendant Thomas Computer Solution, LLC's motion for attorneys' fees, filed on

28  May 11, 2010; (2) Defendant L-3 Communications Corporation, Inc. ("L-3"),

─────────────────────────────────────────────
[PROPOSED] ORDER

1  Defendant L-3 Communications Holdings, Inc., and Defendant Titan Translators'
2  (collectively the "L-3 Defendants"), motion for attorney's fees, filed on May 11,
3  2010; and (3) Plaintiff's Motion for Reconsideration, to Alter or Amend Judgment,
4  or Grant Relief from Judgment and Leave to Amend Complaint, filed on May 23,
5  2010.  Having considered the motions and responses thereto, and the oral argument
6  presented by the parties, and the pleadings and matters on file in this action, the
7  Court finds and concludes as follows:

8      1.      As to the Plaintiff's Motion, under the standards set forth in *Turner v.*
9  *Burlington Northern Santa Fe Railroad Company*, it is properly construed as a
10  motion to alter or amend a judgment pursuant to Rule 59 of the Federal Rules of
11  Civil Procedure.  Plaintiffs allege "clear error" and "manifest injustice" in that this
12  Court improperly concluded that this is a collective action and that Plaintiffs' fraud
13  claims fail as a matter of law.

14      (a)     The Court did not commit clear error in finding that this was a
15      collective action, unlike *Gray v. Swanney-McDonald*. This case involves
16      several hundred plaintiffs, including blank spaces providing for the joinder of
17      additional plaintiffs in the future, whose future joinder would necessarily
18      imply that the current plaintiffs are proceeding on their behalf.  Additionally,
19      the statute of limitation for collective actions states that it applies to collective
20      or representative actions. *See* 29 U.S.C § 257. The use of a disjunctive "or"
21      indicates that the collective action means something more than just a
22      representative action.

23      (b)     Further, the Court did not err in finding that Plaintiffs' fraud
24      claims failed because they are premised on an alleged misrepresentation of
25      law, and no exceptions to the general rule that such representations cannot
26      constitute a fraud apply.  Even in their proposed second amended complaint,
27      plaintiffs do not and cannot plead plausible allegations entitling them to take
28      refuge in any of the exceptions.  First, Plaintiffs alleged that defendants had

1   special and superior knowledge, but that is not enough unless defendants are

2   purported to have special knowledge, which is not alleged.  Second, pursuant

3   to *Miller v. Yokohama Tire Corporation*, Plaintiffs cannot allege a fiduciary

4   or other special relationship.  Third, Plaintiffs do not and cannot allege that

5   Defendants secured Plaintiffs' confidences by stressing their commonalities.

6   And, finally, Plaintiffs do not claim to be particularly unintelligent or gullible,

7   and the lack of sophistication which they claim makes them vulnerable is no

8   greater than that of the average American citizen.

9   Accordingly, Plaintiffs have not demonstrated clear error or manifesting injustice,

10  and Plaintiffs' Motion is denied.

11        2.      As to the Defendants' motions for attorneys' fees, Plaintiffs' wage and

12  hour claims are based on Defendants' purported failure to pay overtime wages.

13  Plaintiffs argued that they were improperly classified as independent contractors

14  when they were in fact employees.  Had they been properly classified as employees,

15  they would have been entitled to overtime wages. Because the gravamen is for

16  unpaid overtime, the mandatory fee provision of California Labor Code § 218.5

17  does not apply, and pursuant to California Labor Code §1194 and *Earley v. Superior*

18  *Court*, 79 Cal.App.4th 1420, Defendants are not entitled to fees and costs on the

19  wage and hour claims as the prevailing parties.  Additionally, Plaintiffs' counsel has

20  not acted in bad faith.  Plaintiffs' counsel maintain that the *Chao* plaintiffs should

21  not be barred from participating in this action by the *Chao* consent decree and 29

22  U.S.C. § 216(b).  While Plaintiffs' counsel's position is legally incorrect, it does

23  appear to have been maintained in subjective good faith. As such, Defendants'

24  motions for attorneys' fees are denied.

25  / / /

26  / / /

27  / / /

28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREFORE,  it is hereby ORDERED, ADJUDGED AND DECREED that the motions heard on June 21, 2010, are DENIED.

Dated: July 12, 2010

_____
The Honorable Manuel Real
United States District Judge

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 35 East Union Street, Suite C, Pasadena, California 91103.

On June 29, 2010, I served true copies of the following document(s) described as **[PROPOSED] ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION, TO ALTER OR AMEND JUDGMENT, OR GRANT RELIEF FROM JUDGMENT, AND LEAVE TO AMEND COMPLAINT; AND DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**X   BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on Local Rule 5-3.3, I caused the document(s) identified above to be filed through the CM/ECF System on the persons listed in the Service List. I did not receive, within a reasonable time after the filing, any electronic message or other indication that the service was unsuccessful.

**X   BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Connon Wood Scheidemantle LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**_____ BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was (626) 792-9304. No error was reported by the fax machine that I used.

**_____ BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dyee@connonwood.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 29, 2010, at Pasadena, California.

/s/ Diane Yee
Diane Yee

# SERVICE LIST

Dan Zeidman **(Via CM/ECF)**
Email: dzlaw@att.net
Michelle L. Afont **(Via regular mail)**
Email: mlnplaw@cs.com
Law Offices of Dan Zeidman
260 E. Chase Ave., #201
P.O. Box 1238
El Cajon, California  92022
Telephone:  (619) 440-3232
Facsimile:  (619) 440-7864

Ryan McCortney, Esq. **(Via regular mail)**
Email: rmccortney@sheppardmullin.com
Tina Rad **(Via CM/ECF)**
Email : trad@sheppardmullin.com
Matthew M. Sonne **(Via CM/ECF)**
Email: msonne@sheppardmullin.com
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
Telephone: (714) 513-5100
Facsimile:  (714) 513-5130

Dale R. Larabee **(Via regular mail)**
Email:  dale@lgllawyers.com
Hans Gienapp **(Via CM/ECF)**
Email:  hans@lalawyers.com
Larabee Gienapp Larabee, APC
2120 4th Avenue
San Diego, California  92101
Telephone:  (619) 234-3054
Facsimile:  (619) 234-3001